IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 13-39885 |
| | ) | Chapter 7 |
| JOBS FOR YOUTH – CHICAGO, INC., | ) | |
| | ) | Honorable Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | Hearing Date:  November 27, 2018 |
| | ) | Hearing Time:  10:30 a.m. |
| | ) | Courtroom:        682 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **November 27, 2018**, at **10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jack B. Schmetterer, or such other judge as may be sitting in his stead, in Courtroom 682 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **Trustee's Third and Final Application for Compensation of Her Counsel, Law Offices of Zane L. Zielinski, P.C., and Expenses**, a copy of which is attached hereto and hereby served upon you.

Dated:  October 29, 2018

                                            Respectfully submitted,

                                            MIRIAM R. STEIN, not individually, but solely as
                                            Chapter 7 Trustee for the Bankruptcy Estate of
                                            JOBS FOR YOUTH – CHICAGO, INC.,

                                            By:___*/s/ Zane L. Zielinski*_____
                                                    One of Her Attorneys

Zane L. Zielinski (IL ARDC #6278776)
THE LAW OFFICE OF ZANE L. ZIELINSKI, P.C.
6336 N. Cicero Ave., Suite 201
Chicago, Illinois 60646
Tel.:   773-877-3191
trustee@zanezielinski.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | No. 13- |
| JOBS FOR YOUTH – CHICAGO, INC., | Chapter 7 |
| Debtor. | Honorable JACK B. SCHMETTERER |

**COVER SHEET FOR THIRD AND FINAL FEE APPLICATION OF
LAW OFFICES OF ZANE L. ZIELINSKI, P.C.**

Name of Applicant: Law Offices of Zane L. Zielinski, P.C.

Authorized to Provide
Professional Services to: Miriam R. Stein, not individually, but as the Chapter 7 Trustee of the bankruptcy estate of Jobs for Youth

Period for Which
Compensation is Sought: November 1, 2017 through October 31, 2018.

Amount of Fees Sought: $    $5,075

Amount of Expense
Reimbursement Sought: $    $0.00

This is a: Third and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $    35,060.30    .

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | No. 13-B-39885 |
| JOBS FOR YOUTH – CHICAGO, INC., | Chapter 7 |
| Debtor. | Honorable JACK B. SCHMETTERER |

**TRUSTEE'S THIRD AND FINAL APPLICATION FOR**
**COMPENSATION OF HER COUNSEL,**
**LAW OFFICES OF ZANE L. ZIELINSKI, P.C.**

Miriam R. Stein, not individually, but as Chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of **Jobs for Youth – Chicago, Inc.** (the "*Debtor*"), hereby submits her first Interim application (the "*Application*"), pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1), seeking compensation totaling **$5,075** for legal services performed by the Law Office of Zane L. Zielinski, P.C. ("*LOZZ*"), counsel to the Trustee, during the period of November 1, 2017, through and including October 31, 2018 (the "*Application Period*") and **$0.00** in expenses incurred in connection with those services. In support of its Application, LOZZ respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Miriam R. Stein is the duly appointed and qualified trustee for the bankruptcy estate.

4. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

5. On October 10, 2013, (the "*Petition Date*") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "*Bankruptcy Code*"), thereby initiating the Case.

6. The Debtor operated an employment services company for a number of years.

## PENSION PLAN

7. During its operations the Debtor had maintained a pension plan for its employees (the "Pension Plan").

8. The Debtor failed to make certain necessary payments to the Pension Plan for a number of years, and the Pension Benefit Guaranty Corporation ("PBGC") assumed responsibility for maintaining the Pension Plan.

9. On information and belief, the PBGC assumed control of the Pension Plan in 2012. It appears that the unfunded Pension Plan liability was one of the leading factors in the Debtor's bankruptcy.

## THE NEW EMPLOYEE BENEFIT PLAN

10. Due to the Debtor's apparent problems with maintaining the Pension Plan, the Debtor still started a new employee benefit plan for new hires (the "New Plan").

11. The New Plan is a 401K plan that is administered by Plan Administrators, Inc. ("PAI").

12. Despite repeated requests to the Debtor's counsel, very little information was ever provided to the Trustee related to the New Plan, including the participants in the New Plan, and the amount of assets in the New Plan.

13. Pursuant to section 704(a)(11) of the Bankruptcy Code, the Trustee has a duty to administer any existing employee benefit plan.

14. However, pursuant to section 541(b)(7) of the Bankruptcy Code, any assets of the New Plan are specifically exempt from the Debtor's estate.

15. Due to the fact that the Pension Plan is being administered by the PBGC, the Trustee believes that she is only required to administer the New Plan and not the existing Pension Plan.

16. Over the last year, the Trustee in conjunction with her counsel completed all the required steps to terminate the New Plan.

17. In addition, all steps have been taken to resolve the appropriate tax documents being filed and accepted by the Internal Revenue service.

18. Further the Trustee has been in communication with the PBGC and determined that their claim in the bankruptcy case is with respect to their assumed responsibility on behalf of the Pension Plan.

19. The Trustee finally closed the Pension Plan, and received final approval from Internal Revenue.

## **Fee Application**

20. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I.     Services Performed**

*A. Administration*                                                                                                       *$5,075*

LOZZ spent 14.5 hours at a cost of $2,136.20 on issues related to the administration of the bankruptcy estate. This includes reviewing and preparing reports with respect to the trustee's annual reporting requirements, status hearings, and filing motion to authorize the Trustee to file unsigned tax documents. In addition LOZZ reviewed and prepare final documentation with respect to documents filed with the Internal Revenue service necessary to close the case.

| Professional | Hours Spent | Billing Rate | Total |
|---|---|---|---|
| Zane Zielinski, Partner | 12.5 | $350 | $4,375 |

II. **Attorneys and Professionals Providing Services for this Estate**

- Zane L. Zielinski (ZZ) is the partner of LOZZ. Prior to attending law school, Mr. Zielinski worked for Chicago Title and Trust Company for four years. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law, real estate law, and has represented trustees, debtors and creditors in bankruptcy cases. He is a panel trustee for the Northern District of Illinois. Mr. Zielinski has been involved in the day-to-day representation of the Trustee.

- Daniel J. Nickel (DN) is of counsel to LOZZ. Mr. Nickel is a 2002 Graduate of Chicago-Kent College of Law, where he was a member of Moot Court. Mr. Nickel specializes in commercial litigation, and regularly associates with LOZZ. He has represented business owners, and bankruptcy trustees.

- Donte Thompson (DT) is a paralegal employed by LOZZ.

III. **Calculation of Time and Fees**

The Trustee filed her application to employ Zane L. Zielinski and Law Offices of Zane L. Zielinski as Counsel to the Trustee. *See* Dkt. No. 62. The application was granted on December 10, 2015, retroactive to December 1, 2015. *See* Dkt. No. 62.

This is the Trustee's THIRD AND FINAL application for compensation and reimbursement of fees and expenses incurred by LOZZ during the Application Period. LOZZ believe this may be the final fee application for this case.

LOZZ's professionals spent a total of 14.5 hours providing necessary legal services for the Trustee. As a result, LOZZ requests compensation in the amount of **$5,075** for actual, necessary legal services performed.

LOZZ maintains contemporaneous written records of the time expended by its professionals and expenses incurred. Copies of such records for this Case are grouped and attached hereto as an **Exhibit A.**

LOZZ has incurred **$0.00** in expense related to this case. A copy of the expense record (if necessary) for this Case is attached hereto as **Exhibit A**.

The hourly rates charged are the regular hourly rates charged by the firm to its clients. The average hourly rate is $350.

LOZZ does not bill its clients or seek compensation in this Application for its overhead expenses.

LOZZ worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

No agreement or understanding exists between LOZZ and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

No compensation has been promised to LOZZ other than as disclosed or approved by this Court. LOZZ certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

Finally, LOZZ represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

The Seventh Circuit has mandated that an "attorney's actual billing rate ... is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax*

*Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

The average hourly billing rate for the attorneys who performed the Services—that is, the "lodestar" rate—is $350. This average rate is fair and reasonable in light of the services provided and the experience of LOZZ's professionals. Moreover, the compensation requested by the LOZZ is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## NOTICE

Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application was served on at least twenty-one days written notice one all the creditors that timely filed a proof of claim. The Trustee submits this is sufficient notice.

WHEREFORE, LOZZ respectfully requests that this Court enter an Order: a) allowing LOZZ compensation for actual, necessary legal services in the amount of **$5075;** b) authorizing the reimbursement of actual and necessary expenses of **$0.00;** c) authorizing the Trustee to pay LOZZ's compensation and expense; and d) granting such other relief as the Court deems just and equitable.

October 29, 2018

Respectfully submitted,

**Miriam R. Stein**, not individually, but as Chapter 7 Trustee of the bankruptcy estate of **JOBS FOR YOUTH – CHICAGO, INC.,**

By: */s/ Zane Zielinski*
One of her attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d. 773-877-3191
f. 815-846-8516
e. trustee@zanezielinski.com